UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIA PHILLIPS, CHERRY TODD, and
STEPHANIE HENAO,

                              Plaintiffs,

                              v.

WHITE PLAINS HOSPITAL,

                              Defendant.

23-CV-11326 (KMK)
ORDER

KENNETH M. KARAS, United States District Judge:

       Plaintiffs Tia Phillips, Cherry Todd, and Stephanie Henao (collectively, "Plaintiffs") bring this employment discrimination action against White Plains Hospital ("Defendant"). (*See* Compl. 1–2 (Dkt. No. 1).) Plaintiffs allege that after seeking medical exemptions to the Covid-19 vaccine mandate for healthcare workers, their reasonable requests were denied, they faced a hostile working environment, and they were abruptly terminated from their positions. (*Id.* at 4.)

       In a letter filed on May 24, 2024, Plaintiffs requested the Court to appoint pro bono counsel. (*See* Pl.'s Application for Appointment of Counsel ("Application") (Dkt. No. 23).) Plaintiffs claim that, despite reaching out to multiple law firms and legal lead services, they were unable to retain legal aid due to "severe financial hardship," and "lack of responsiveness from attorneys." (*Id.* at 1.) For the following reasons, Plaintiffs' request is denied without prejudice.

       Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See*

*Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiffs'

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before

2

appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

For the purposes of the instant Motion, the Court construes Plaintiffs' Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *See Johnston*, 606 F.3d at 41 (internal quotation marks omitted). As to the second inquiry regarding prudential factors, however, the Court finds that Plaintiffs have not adequately demonstrated their need for counsel.

First, Plaintiffs fail to demonstrate why they would be unable to advocate for themselves. Plaintiffs' primary allegations relate to the termination of their employment without proper cause or due process, potentially as a result of their perceived disabilities. (*See* Compl. 4.) While Plaintiffs express concern that they will be unable to "navigate the legal complexities of the legal system" because they lack the "necessary guidance and legal expertise," (*see* Application 1), a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio*, No. 11-CV-6061, 2012 WL 1142452, at * I (S.D.N.Y. Apr. 4, 2012); *see also Lucien v. Williams*, No. 20-CV-8020, 2022 WL 1451530, at *2 (S.D.N.Y. May 9, 2022) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (quoting *West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773, at *2 (S.D.N.Y. Aug. 6, 2008) ((alteration omitted))). While Plaintiffs fear the consequences of proceeding without counsel, (*see* Application 1), Plaintiffs have "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiffs'] ability to substantiate [their] claim[s]." *Guzman v Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1

(S.D.N.Y. Apr. 9, 1999); *see also Hibbert v. Montefiore Med. Ctr.*, No. 23-CV-9589, 2024 WL 1890972, at *2 (S.D.N.Y. Apr. 30, 2024) (same).

Furthermore, Plaintiffs' claims "are not so complex or unique that a person of [Plaintiffs'] intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013); *see also Hibbert v. Montefiore Med. Ctr.*, No. 23-CV-9589, 2024 WL 1890972, at *1 (S.D.N.Y. Apr. 30, 2024) (denying motion for appointment of counsel because court found the plaintiff's employment discrimination claims were not so complex to require appointment of counsel).  While a plaintiff may be "unable to investigate the facts of his or her claim where, for example, he or she will be incarcerated for the duration of the case," *Walters v. N.Y.C. Health Hosp. Corp.*, No. 02-CV-751, 2002 WL 31681600, at *2 (S.D.N.Y. Nov. 25, 2002) (citing *Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997)), here, Plaintiffs' claims are entirely based on events that happened in Plaintiffs' presence, and "do not appear to require outside investigation," *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks*, 114 F.3d at 394 (granting a plaintiff's motion for appointment of counsel in part due to the plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case").

Additionally, Plaintiffs have demonstrated their ability to present the case themselves through their submissions in this instant Action that adequately express their arguments and desired relief.  *See Harrison v. N.Y.C. Admin. for Children's Servs.*, No. 02-CV-947, 2002 WL 2022871, at *1 (S.D.N.Y. Sept. 3, 2002) (noting that the plaintiff was "capable of presenting her own case" where, "[i]n submissions to the court, she . . . demonstrated an ability to make arguments and draft pleadings").

Finally, although the Court acknowledges that Plaintiffs have generally described their efforts to obtain counsel, (*see* Application 1), this factor alone does not outweigh the additional *Hodge* factors discussed above.  *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *see also Mena*, 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013) (finding that the plaintiff's "search was certainly not an exhaustive one").

In light of these considerations, the Court is not convinced that appointing counsel for Plaintiffs at this stage is appropriate.  *See Jackson v. Francis*, 646 F. Supp. 171, 172 (E.D.N.Y. 1986) (declining to appoint counsel where the pro se litigant was able to "adequately to present his case at trial even without the assistance of counsel," in part due to "the straightforward and relatively simple nature of the legal and factual issues [to] be presented at trial"); *see also Krivak v. Putnam County*, No. 23-CV-6960, 2023 WL 6466467, at *2 (S.D.N.Y. Oct. 4, 2023).

For the reasons stated above, Plaintiffs' request is denied without prejudice.  Plaintiffs may renew their request and provide the Court with additional information regarding their circumstances, if they materially change.  The Clerk is respectfully directed to mail a copy of this Order to Plaintiffs and terminate the pending Motion at Dkt. No. 23.

SO ORDERED.

Dated: June 12, 2024
      White Plains, New York

                                                      KENNETH M. KARAS
                                                      United States District Judge