UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLIPS, TODD, *and* HENAO,

                              Plaintiffs,

    v.

WHITE PLAINS HOSPITAL,

                              Defendant.

No. 23-CV-11326 (KMK)

OPINION AND ORDER

---

KENNETH M. KARAS, United States District Judge:

Appearances:

Tia Phillips
*Pro Se Plaintiff*

Cherry Todd
*Pro Se Plaintiff*

Stephanie Henao
*Pro Se Plaintiff*

Andrew L. Zwerling, Esq.
Dayna Brooke Tann, Esq.
Garfunkel Wild, P.C.
Great Neck, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Tia Phillips ("Phillips"), Cherry Todd ("Todd"), and Stephanie Henao ("Henao") (collectively, "Plaintiffs") bring this Action against the White Plains Hospital ("Defendant"), for discrimination under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983, as well as violations of New York State Human Rights Law ("NYSHRL") §§ 290–297, 18 U.S.C. § 242, and N.Y. Penal Law § 135.60.

Before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (the "Motion"). (*See* Dkt. No. 36.)

For the reasons stated herein, the Motion is granted.

## I. Background

A. Factual Background

Though Plaintiffs' Complaint is relatively sparse, the Court will take all well-pleaded factual allegations in the Complaint as true for the purposes of this Motion. *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

Plaintiffs were formerly employed by Defendant White Plains Hospital. (*See* Second Amended Complaint ("SAC") 5 (Dkt. No. 24.).)[1] In 2021, Plaintiffs each applied for a medical exemption to Defendant's COVID-19 vaccination requirement. (*See id.*; *id.* Ex. 1 at 1 (Dkt. No. 24-1).) In support of this medical exemption, each Plaintiff provided nearly identical documentation from a Dr. Amaru Xi-Ali. (*See* Decl. of Cynthia Ganung ("Ganung Decl.") Exs. 1, 2, 3 (Dkt. Nos. 39-1, 39-2, 39-3).)[2] These documents stated, inter alia, that "forced

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page in cites from the record.

[2] Defendant argues that Plaintiffs' applications for a medical exemption from the vaccine requirement should be incorporated by reference. (*See* Ganug Decl. 2 (Dkt. No. 39).) "'Generally, a court may incorporate documents referenced where (1) [the] plaintiff relies on the materials in framing the complaint, (2) the complaint clearly and substantially references the documents, and (3) the document's authenticity or accuracy is undisputed.'" *Garcia v. Dezba Asset Recovery, Inc.*, 665 F. Supp. 3d 390, 396–97 (S.D.N.Y. 2023) (quoting *Stewart v. Riviana Foods Inc.*, No. 16-CV-6157, 2017 WL 4045952, at *6 (S.D.N.Y. Sept. 11, 2017); *see also Dunkelberger v. Dunkelberger*, No. 14-CV-3877, 2015 WL 5730605, at *5 (S.D.N.Y. Sept. 30, 2015) ("To be incorporated by reference, the complaint must make a clear, definite, and substantial reference to the documents, and to be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." (alterations omitted) (quoting *Bill Diodato Photography LLC v. Avon Prods., Inc.*, No. 12-CV-847, 2012 WL 4335164, at *3 (S.D.N.Y. Sept. 21, 2012))).

vaccinations are an ACT OF GENOCIDE," and that the Plaintiffs were "contraindicated" for the COVID-19 vaccine because their "genetic bio-variance could cause massive allergic reaction to mRNA complimentary modified dna in vaccine and induce massive receptor membrane changes that impact the HLA/MHC formation of the client that adversely impacts client's immunity permanently and clients future offspring." (*See id.* (emphasis in original).) Plaintiffs' exemption request was denied. (*See* SAC 5.)

B. Procedural Background

On December 28, 2023, Plaintiffs filed the instant Action. (*See* Compl. (Dkt. No. 1).) On January 22, 2024, Plaintiffs filed an Amended Complaint. (*See* Amended Complaint ("AC") (Dkt. No. 7).) On June 2, 2024, Plaintiffs filed a Second Amended Complaint. (*See* Second Amended Complaint ("SAC") (Dkt. No. 24).) On August 28, 2024, Defendant filed a Motion to Dismiss ("the Motion"). (*See* Mot. to Dismiss ("Def. Mot.") (Dkt. No. 36); Decl. of Dayna Tann ("Tann Decl.") (Dkt. No. 38); Ganung Decl.; Mem. of Law in Supp. of Def. Mot. to Dismiss ("Def. Mem.") (Dkt. No. 40).)

Plaintiffs failed to respond to Defendant's Motion. (*See generally* Dkt.) Plaintiffs' opposition was due by September 30, 2024. (*See* Scheduling Order 3 (Dkt. No. 34).) The docket indicates that a copy of the Court's Order setting the briefing schedule was mailed to Plaintiffs on

---

Here, Plaintiffs clearly relied on the exemption application in framing the Second Amended Complaint and the exemption applications are clearly and substantially referenced in the Second Amended Complaint. (*See* SAC 5 (relying on Plaintiffs' exemption request as the basis for their discrimination claims).) Plaintiffs did not object to the incorporation of the exemption applications in the Second Amended Complaint, as they did not respond to the Defendant's Motion to Dismiss. As such, the Court will consider the exemption applications in ruling on matters subject to Defendant's Motion to Dismiss. *See Garcia*, 665 F. Supp. 3d at 397; *see also Jacob v. Lorenz*, No. 21-CV-6807, 2022 WL 4096701, at *5 (S.D.N.Y. Sept. 7, 2022) (holding exhibit was incorporated by reference when the complaint made "clear, definite, and substantial reference" to its contents).

August 1, 2024.  (*See generally* Dkt.).  Further, the docket indicates that Plaintiffs were sent Defendant's moving papers on August 28, 2024.  (*See* Dkt. No. 41.)  Plaintiffs were thus on notice that a Motion to Dismiss was filed, and have not responded as of the time of this Opinion.  Accordingly, the Court deems the Motion fully submitted and will decide it on the merits.  *See Mayo v. Reid*, No. 23-CV-9719, 2024 WL 5158212, at *2 (S.D.N.Y. Dec. 18, 2024) (deeming motion fully submitted after Plaintiff had received ample notice of its submission); *Peachey v. Zayaz,* No. 23-CV-6409, 2024 WL 4932527, at *1 (S.D.N.Y. Dec. 2, 2024) (same).

## II.  Discussion

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a plaintiff's claim based on "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  At the motion to dismiss stage, a court must "draw all reasonable inferences in the [plaintiff's] favor, 'assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief.'"  *United States v. Medtronic, Inc.*, No. 18-CV-1628, 2024 WL 4165522, at *3 (S.D.N.Y. Sept. 12, 2024) (quoting *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011)).

To survive a motion to dismiss, the Supreme Court has held that a complaint "does not need detailed factual allegations."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted).  However, "a [plaintiff's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (alteration adopted) (internal quotation marks and citation omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id*. at 563, and a plaintff must allege "only enough facts to state a claim to relief that is plausible on its face," *id*. at 570. Certainly, if a plaintiff has not "nudged [his] claim[ ] across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id*.; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))). Where, as here, a complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553, 561 (S.D.N.Y.) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir.2011)), *aff'd*, 657 F. App'x 949 (Fed. Cir. 2016).

B.  Analysis

1.  ADA

a.  Exhaustion of Remedies

Defendant argues that Plaintiffs' ADA claims are time-barred, because Plaintiffs failed to exhaust administrative remedies. (*See* Def. Mem. 12-13.) "To assert a claim under . . . the ADA

. . . in federal court, a plaintiff is required to exhaust the administrative remedies provided by the statute." *Wood v. ViacomCBS/Paramount*, No. 22-CV-6323, 2024 WL 4451742, at *3 (S.D.N.Y. July 15, 2024) (internal citations and quotation marks omitted), *report and recommendation adopted*, No. 22-CV-6323, 2024 WL 4263117 (S.D.N.Y. Sept. 23, 2024); *see also* 42 U.S.C. § 12117 (citing 42 U.S.C § 2000e-5); *Duplan v. City of New York*, 888 F.3d 612, 621–22 (2d Cir. 2018); *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 384 (2d Cir. 2015) ("Exhaustion of administrative remedies through the EEOC is an essential element of the [ADA] statutory scheme; accordingly, it is a precondition to bringing such claims in federal court." (internal quotations, citations, and alterations omitted)). The administrative exhaustion requirement applies to pro se and counseled plaintiffs alike. *Id*. Although Plaintiffs were not required to plead exhaustion, *see Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018), the Court may "may dismiss a complaint if it is evident from the face of the complaint that a plaintiff did not exhaust administrative remedies," *Delaney v. HC2, Inc.*, No. 24-CV-6287, 2025 WL 27484, at *19 n.27 (S.D.N.Y. Jan. 3, 2025).

Here, Plaintiffs' alleged injuries occurred in 2021. (*See* SAC 5.) In their the SAC, Plaintiffs allege that they filed a charge with the EEOC regarding Defendant's discriminatory conduct on March 4, 2024. (*See id.*) Thus, it is clear from the face of the SAC that Plaintiffs' ADA claims are time-barred because they failed to exhaust their remedies within the 300-day window required under the statute. *Carillo v. Wildlife Conservation Soc'y*, No. 23-CV-7387, 2024 WL 4225555, at *2–3 (E.D.N.Y. Sept. 18, 2024) (dismissing the plaintiff's ADA and Title VII claims where it was clear from the face of the complaint that she had failed to exhaust); *Kirk v. Mount Vernon City Sch. Dist.*, No. 23-CV-7441, 2024 WL 3794591, at *5 (S.D.N.Y. Aug. 13,

6

2024) (dismissing the plaintiff's ADA discrimination and retaliation claims where it was evident from the face of the complaint that his claims were time-barred).

      b. Disability under the ADA

Even if Plaintiffs' claims were not barred by their failure to exhaust, Plaintiffs' claims would nevertheless fail, because they have failed to adequately allege that they suffer from a disability or perceived disability within the meaning of the statute.

To state a claim under the ADA, Plaintiffs must first show that they suffer from a disability within the meaning of the ADA. *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 23-466, 2024 WL 3289475, at *1 (2d Cir. July 3, 2024) (summary order). "Under the ADA, a 'disability' is: '(A) a physical or mental impairment that substantially limits one or more major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Abramov v. Northwell Health Sys.*, No. 22-CV-6687, 2024 WL 4276171, at *9 (E.D.N.Y. Sept. 24, 2024) (alterations adopted) (citing 42 U.S.C. § 12102(1)), *appeal pending*, No. 24-2664 (2d Cir. October 7, 2024).

Further, to state a claim under the ADA, "[the] [p]laintiff's allegations must contain sufficient factual support for his or her purported limitations, such as describing in some detail the frequency, duration, or severity of his or her limitations." *Perez v. New York Presbyterian/Weill Cornell Med. Ctr.*, No. 23-CV-6152, 2024 WL 1514216, at *5 (S.D.N.Y. Apr. 8, 2024). A plaintiff's allegations regarding a disability may not be merely speculative. *See id.*, 2024 WL 1514216, at *6 (collecting cases); *see also Innes v. Cnty. of Warren*, No. 22-CV-641, 2024 WL 865864, at *9 (N.D.N.Y. Feb. 29, 2024) (noting in alleging a disability, a plaintiff may not rely on speculation).

Here, Plaintiffs' do not sufficiently allege that they suffer from a disability within the meaning of the ADA. Indeed, Plaintiffs' Complaint does not describe the alleged disability in any detail at all, simply stating that they are "contraindicate[ed]" for the COVID-19 vaccine. (*See* SAC 5.) The doctors' notes submitted by Plaintiffs to their employer state that Plaintiffs' "genetic bio-variance *could cause* [a] massive allergic reaction" to the vaccine, and that allergic reaction in turn could "adversely impact the [Plaintiffs'] immunity permanently and [Plaintiffs'] future offspring." (*See* Ganung Decl. Exs. 1–3.) This description is insufficiently specific to permit the Court to determine either the nature, "frequency, duration, or severity" of the disability claimed by Plaintiffs. *See Mercer v. ViacomCBS/Paramount*, No. 22-CV-6322, 2024 WL 3553133, at *4 (S.D.N.Y. July 26, 2024) (determining an identical doctor's note from Dr. Xi-Ali to be insufficient because, inter alia, it "does not state that [the plaintiff] actually has an allergy to the COVID-19 vaccine or that the vaccine would cause her to have an allergic reaction, merely that it could."); *Perez*, 2024 WL 1514216, at *5 (holding that the plaintiff did not sufficiently allege a "disability" within the meaning of the ADA where she failed to allege frequency, severity, or duration of her allergic reaction to the COVID-19 vaccine); *see also Abramov*, 2024 WL 4276171, at *9 (same regarding an alleged neurological condition). In fact, courts in the Second Circuit have found substantially similar claimed disabilities insufficient to withstand a motion to dismiss. *See Mercer*, 2024 WL 3553133, at *5 (finding precisely the same claimed disability "insufficient to plead that Plaintiff has a disability as defined by the ADA"); *Perez*, 2024 WL 1514216, at *6 (finding the plaintiff's claimed allergy to the COVID-19 vaccine "conclusory and insufficient to support her ADA disability claim").

Plaintiffs also appear to allege that they suffered an ADA violation because Defendant perceived them to have a disability. (*See* SAC 5.) To adequately allege that one is perceived as

8

having a disability, a plaintiff is required to show that one was "subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Lake v. HealthAlliance Hosp. Broadway Campus*, 738 F. Supp. 3d 208, 217 (N.D.N.Y. 2024) (citing *Innes*, 2024 WL 865864, at *9); *see also Murray v. Brag Sales Inc.*, No. 23-CV-6610, 2024 WL 3952649, at *3 (S.D.N.Y. Aug. 27, 2024) (same).

Here, Plaintiffs have not plausibly alleged that Defendant "regarded them" as having a disability. (*See generally* SAC.) Instead, Plaintiffs only allege that Defendant failed to grant them an exemption from the vaccine requirement. (*See id.* at 5.) Without more, Plaintiffs have not adequately alleged that this action was motivated by the employer's perception of their disability. *See Norman v. NYU Langone Health Sys.*, 492 F. Supp. 3d 154, 166 (S.D.N.Y. 2020) (finding that there was no evidence that the defendant believed the plaintiff had "a medical condition which would qualify her for a medical exemption" from its vaccination requirement), *aff'd*, No. 20-3624, 2021 WL 5986999 (2d Cir. Dec. 17, 2021); *Bota v. Hunter Coll. City Univ. of New York*, No. 21-CV-8977, 2022 WL 179627, at *4 (S.D.N.Y. Jan. 19, 2022) (granting a motion to dismiss where the plaintiff "[did] not allege facts suggesting that [the] [d]efendant[] discriminated or retaliated against him because of that disability"); *Lewis v. Redline Hockey, LLC*, No. 24-CV-68, 2024 WL 1652491, at *3 (N.D.N.Y. Apr. 17, 2024) (same), *appeal pending*, No. 24-1342 (2d. Cir May 17, 2024); *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 147 (E.D.N.Y. 2018) (same).

To the extent that Plaintiffs intend to allege they were "regarded as" having a disability simply because they failed to be vaccinated, their claim has been squarely rejected by the Second Circuit. In *Sharikov v. Philips Medical Systems MR, Inc.*, 103 F.4th 159 (2d Cir. 2024), the

9

plaintiff alleged that the defendant viewed him as disabled because he had refused to take the COVID-19 vaccine. *See id*. at 165 (noting that "[the plaintiff] alleged that [the defendant] unlawfully sought to impose the policy's provisions upon him based upon the pure speculation, stereotype and generalization that he was infected or may in the future become infected with a deadly, contagious disease" (internal quotations omitted) (alterations adopted)). The Second Circuit found that on those facts, the plaintiff was not "regarded as" disabled within the meaning of the ADA because "all employees" were required to be vaccinated, and thus the plaintiff "was not singled out because of any perception that he had an impairment that substantially limited him as compared to others." *Id*. at 168. Similarly, here, Plaintiffs may not allege that they are "regarded as" being disabled simply because they refused to be vaccinated. *See id*.; *see also Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 23-CV-466, 2024 WL 3289475, at *1 (2d Cir. July 3, 2024) (summary order) (finding the plaintiff failed to state a claim under the ADA's "regarded as" prong where they simply alleged they were required to comply with a company-wide vaccination policy); *Librandi v. Alexion Pharma., Inc.*, No. 23-962, 2024 WL 3872727, at *1 (2d Cir. Aug. 19, 2024) (same) (summary order); *Newell v. State Univ. of New York Westchester Cmty. Coll.*, No. 22-CV-08524, 2023 WL 4082030, at *3 (S.D.N.Y. June 20, 2023) (finding plaintiff had not plausibly alleged she was "regarded as" disabled simply because she had chosen not to vaccinate and collecting cases from the Second Circuit).

For the foregoing reasons, Plaintiffs' claims under the ADA fail.

2.  Section 1983

To state a claim under 42 U.S.C. § 1983, Plaintiffs must allege that Defendant is a state actor or that Defendant's actions are sufficiently entwined with the state to suggest state action. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) ("A private actor may be liable under

§ 1983 only if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (internal quotations omitted)); *Mumin v. New York*, --- F. Supp. 3d ----, 2024 WL 5146085, at *23 (S.D.N.Y. Dec. 17, 2024) ("Private parties are generally not liable under Section 1983."); *Pedrow v. Greenburgh Police Dep't*, No. 24-CV-4010, 2024 WL 4494292, at *1 (S.D.N.Y. Oct. 15, 2024) (same); *RDK NY Inc. v. City of New York*, No. 21-CV-01529, 2024 WL 4333704, at *11 (E.D.N.Y. Sept. 28, 2024) ("State action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may fairly be treated as that of the State itself." (alteration adopted) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2002))).

Here, Plaintiffs have failed to allege that Defendant is a state actor or that there is a sufficiently close nexus between Defendant and the state to establish state action. The Court takes judicial notice that Defendant is a not-for-profit hospital, not a public hospital. *See Who We Are*, WHITE PLAINS HOSP., (https://www.wphospital.org/about-us/who-we-are/ [https://perma.cc/CT8Y-CXKN]) (last accessed Jan. 24, 2025); *McCray v. New York*, No. 15-CV-409, 2023 WL 7002555, at *3 (W.D.N.Y. Oct. 24, 2023), *report and recommendation* adopted, No. 15-CV-409, 2023 WL 9002815 (W.D.N.Y. Dec. 28, 2023) (taking judicial notice of information on hospital's website to determine whether hospital was a state actor). A not-for-profit hospital is not a state actor unless its actions are "'fairly attributable to the state' or if the non-state actor was a 'willful participant in joint activity with the state or its agents.'" *Arbeeny v. Cuomo*, No. 22-CV-2336, 2025 WL 71729, at *3 (E.D.N.Y. Jan. 10, 2025); *see also Roberts v. New York Presbyterian Hosp., Queens,* No. 24-CV-1352, 2024 WL 1413030, at *2 (E.D.N.Y. Apr. 2, 2024) (rejecting § 1983 claim because the defendant was a not-for-profit private

hospital), *appeal dismissed* (2d. Cir Sept. 11, 2024); *McCray v. New York,* No. 15-CV-409, 2023 WL 7002555, at *3 (W.D.N.Y. Oct. 24, 2023) (same), *report and recommendation adopted*, No. 15-CV-409, 2023 WL 9002815 (W.D.N.Y. Dec. 28, 2023). Because Plaintiffs provide no information suggesting that White Plains Hospital's actions are fairly attributable to the state or constitute willful joint activity with the state, they have failed to allege state action. Therefore, Plaintiffs' § 1983 claims must fail.

### 3.  State Law Claims

Plaintiffs also allege that Defendant violated NYSHRL §§ 270–279. (*See* AC 3.) The NYSHRL, like the New York City Human Rights Law (NYCHRL), is "more generous than federal law." *Mercer*, 2024 WL 3553133, at *5. A claim under the NYSHRL requires a showing that the plaintiffs have, are regarded as having, or have a record of having a "physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques." N.Y. Exec. Law § 292(21). The NYSHRL provides broader disability protections than the ADA in that it does not "require[] any showing that the disability substantially limits a major life activity." *Statuto v. NIKE, Inc.*, No. 23-CV-1788, 2024 WL 1380810, at *3 (S.D.N.Y. Mar. 29, 2024); *see also Mercer*, 2024 WL 3553133, at *5 (S.D.N.Y. July 26, 2024) (same).

Despite the NYSHRL's more lenient standard for the establishment of a disability, Plaintiffs are required to allege more than that they suffer from an unspecified "genetic bio-variance" which their medical provider speculates "*could cause* [a] massive allergic reaction." *See Mercer*, 2024 WL 3553133, at *5 (emphasis added) (concluding that the plaintiffs' claimed allergic reaction to the COVID-19 vaccine was insufficient to make out a plausible claim of a

disability under the NYSHRL); *Facci-Brahler v. Montgomery Cnty.*, No. 18-CV-941, 2020 WL 360873, at *5 (N.D.N.Y. Jan. 22, 2020) (concluding that the plaintiff's "conclusory" description of her disability insufficient to survive the *Iqbal* standard). For this reason, the Court finds concludes that Plaintiffs' state law civil rights claim fails.

### 4. Criminal Law Claims

Finally, Defendant alleges that Plaintiffs' criminal law claims—under 18 U.S.C. § 242 and N.Y. Penal Law §135.6—must be dismissed because private plaintiffs cannot initiate criminal proceedings. (*See* Def. Mem. 21–22.) The Court agrees. *See Mercer*, 2024 WL 3553133, at *8 (rejecting the plaintiff's claim pursuant to 18 U.S.C. § 242 because "federal criminal statutes do not provide private causes of action" (quoting *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order)); *Marvin v. Allen*, No. 23-CV-5947, 2024 WL 4290722, at *6 (S.D.N.Y. Sept. 24, 2024) (collecting cases holding that state criminal law does not create a private right of action.). Thus, Plaintiffs' criminal law claims fail.

## III.  Conclusion

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss in full. If Plaintiffs wish to file a third amended complaint alleging additional facts and otherwise addressing the deficiencies identified above, Plaintiffs must do so within 30 days of the date of this Opinion & Order. Plaintiffs are further advised that the third amended complaint will completely replace, not supplement, the Second Amended Complaint. The third amended complaint must therefore contain all of the claims, defendants, and factual allegations that Plaintiffs wish the Court to consider.

The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 36), and mail a copy of this Opinion to Plaintiffs.

SO ORDERED.

Dated:   February 10, 2025
          White Plains, New York

 

_____
KENNETH M. KARAS
United States District Judge