UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIPS, TODD, *and* HENAO,

                              Plaintiffs,

          v.

WHITE PLAINS HOSPITAL,

                              Defendant.

No. 23-CV-11326 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On February 10, 2025, the Court granted Defendants' Motion to Dismiss. (*See* Dkt. No. 42.) The Court granted Plaintiffs thirty days to file an Amended Complaint addressing the deficiencies identified in the dismissed claims. (*See id.*) On April 3, 2025, the Court issued an Order to Show Cause as to why the instant Action should not be dismissed with prejudice for failure to prosecute, as Plaintiffs had not filed an Amended Complaint or otherwise communicated with the Court. (*See* Dkt. No. 43.) The Court required Plaintiffs show cause by no later than April 30, 2025. (*See id.*) To date, Plaintiffs have not filed an Amended Complaint or otherwise communicated with the Court. (*See generally* Dkt.) In fact, Plaintiffs have not communicated with the Court in any way since their July 31, 2024, letter in response to Defendants' Motion to Dismiss. (*See* Dkt. No. 35.)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the

inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Tomassi v. Suffolk Cnty.*, No. 19-CV-2537, 2020 WL 5633069, at *1 (E.D.N.Y. Sept. 21, 2020); *see also Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Tomassi,* 2020 WL 5633069, at *1.

The Court concludes these factors weigh in favor of dismissal of Plaintiffs' case.  First, that Plaintiffs have failed to participate in this Action for the last ten months weighs in favor of dismissal.  *See Early v. Little Flower Child. & Fam. Serv. of New York*, No. 23-CV-2531, 2025 WL 307138, at *1 (E.D.N.Y. Jan. 27, 2025) (finding that four months of noncompliance amounted to pro se plaintiff's abandonment of the case); *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040, 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (dismissing pursuant to Rule 41(b) after four months of noncompliance); *Peters v. Dep't of Corr.*, 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (dismissing pursuant to Rule 41(b) after two months of pro se plaintiff's failure to respond to an order to show cause why the case should not be dismissed); *Jankowski v. Eric M. Taylor Ctr.*, No. 14-CV-7434, 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015) (dismissing pursuant to Rule 41(b) where pro se plaintiff was noncompliant for eight months).

Second, Plaintiffs received notice multiple times that failure to request an extension, or show cause, or respond to the Court's orders could result in dismissal.  (*See* Dkt. Nos. 42, 43.)

Third, prejudice to Defendants is presumed where, as here, "a plaintiff[s'] delay is 'lengthy and inexcusable.'"  *Pepe v. Kenev Inc.*, No. 23-CV-7747, 2025 WL 370964, at *2 (S.D.N.Y. Feb. 3, 2025) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Fourth, dismissal of the Action is not on the merits "and balances the Court's interest in managing its docket with [Plaintiffs'] interest in being heard." *Early*, 2025 WL 307138, at *1.

Finally, the Court has "considered the possibility of a less drastic sanction than dismissal," *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (summary order); *Pepe*, 2025 WL 370964, at *2 (same), but finds that, as Plaintiffs appears to "ha[ve] abandoned this

matter," dismissal of the Action is appropriate, *cf. Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017).

Accordingly, the Action is dismissed with prejudice for failure to prosecute. *See Armstrong v. Guccione*, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962))); *Washington v. Morley*, No. 21-CV-7159, 2025 WL 623618, at *3 (S.D.N.Y. Feb. 26, 2025) (dismissing case for failure to prosecute where the plaintiff had failed to amend their complaint or communicate with the court at all in several months); *Smith v. Westchester Cnty.*, No. 19-CV-1283, 2020 WL 883332, at *2 (S.D.N.Y. Feb. 24, 2020) (dismissing case for failure to prosecute after the plaintiff had been given several opportunities to file an amended complaint and failed to communicate with the court in any way); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *2 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute").

Accordingly, it is hereby:

ORDERED that the Action is dismissed with prejudice.

The Clerk of Court is respectfully directed to close the case and to mail a copy of this Order to Plaintiffs' addresses.

SO ORDERED.

Dated:    June 24, 2025
            White Plains, New York

KENNETH M. KARAS
United States District Judge